UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANET GRAY                                    CIVIL ACTION

VERSUS                                        NO:  05-3092

JEFFERSON PARISH ET AL.                       SECTION: "S" (1)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that "Randy Nicholson's Motion to Dismiss Plaintiff's 42

U.S.C. § 1983 Claims and State Law Claims" is **DENIED**.  (Document #25.)

**IT IS FURTHER ORDERED** that Randy Nicholson's motion for a reply to his answer,

pursuant to Federal Rule of Civil Procedure 7(a), is **GRANTED**.  The reply shall be filed within

10 days of the entry of this order.

## I. BACKGROUND

Janet Gray, an employee of the Jefferson Parish Department of General Services, filed a

complaint for damages against Jefferson Parish and her supervisor, Randy Nicholson, in his

official and individual capacity, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 1983 and 1985, and Louisiana law.  Gray alleges that, from April 2003 through July 2005, the

defendants discriminated against her based on her gender, sexually harassed her, and retaliated against her for filing a complaint with the Equal Employment Opportunity Commission.

The court dismissed the § 1983 claims against Jefferson Parish and Nicholson in his official capacity and the Title VII claims against Nicholson.  Nicholson filed a motion to dismiss the § 1983 individual capacity claims of sexual harassment in violation of the Equal Protection Clause and the state law claim of intentional infliction of emotional distress, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## II. DISCUSSION

### A.  Legal standard

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  Neitzke v. Williams,  109 S.Ct. 1827, 1832 (1989).  The complaint is liberally construed in favor of the plaintiff, and all facts pleaded in the complaint are taken as true.  See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).  This Court does not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson,  78 S.Ct. 99, 101-02 (1957).

---

[1]    Nicholson does not move to dismiss the § 1983 claim based on a failure to promote. He filed a motion under Rule 7(a) to require Gray to supplement the complaint with additional facts concerning the failure to promote claim.  Nicholson does not specifically address the retaliation claim.  However, the retaliation claim is related to the failure-to-promote claim because Gray alleges that she was denied a promotion in retaliation for filing a complaint with the Equal Employment Opportunity Commission.  See First Supplemental and Amending Complaint at ¶ 10.

"The Rule 12(b)(6) motion . . . must be distinguished from a motion for summary judgment under Rule 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact." Doe v. Dallas Independent School District, 153 F.3d 211, 220 (5th Cir. 1998).   The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." Id.

**B.  Section 1983 claim**

"Section 1983 provides injured plaintiffs with a cause of action when they have been deprived of federal rights under color of state law." Doe v. Dallas Independent School District, 153 F.3d 211, 215 (5th Cir. 1998).  "In order to state a valid claim under § 1983, plaintiffs must 1) allege a violation of rights secured by the Constitution or laws of the United States and 2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Id.

Gray alleges that Nicholson sexually harassed her in violation of the Equal Protection Clause.  "Sex discrimination and sexual harassment in public employment violate the Equal Protection Clause of the Fourteenth Amendment." Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997).  Thus, a plaintiff's allegations of sex discrimination are actionable under § 1983. Id.  To state a claim of sexual harassment based upon a hostile work environment created by a supervisor, a plaintiff must allege four elements:  "(1) she was a member of a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; and (4) the harassment created a hostile work environment." Hickman v. Laskodi, 45 Fed. Appx. 451, 453 (6th Cir. 2002).

"Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation.  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002).  "This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to a constitutional violation."  Id.  "Only the direct acts or omissions of government officials . . . will give rise to individual liability under § 1983."  Id. at 742 n.6 (internal quotation and citation omitted).

Gray's complaint and supplemental complaint allege that Nicholson engaged in the following workplace conduct is an effort to deny her the opportunity to perform her job duties, threaten her employment security after over 19 years with the Parish, undermine her chances for promotion and raises, and force her to resign or transfer to another department.  The alleged reason for the harassment was Gray's relationship with Kenneth King and Gray's lack of interest in a sexual relationship with Nicholson.

The harassment consisted of remarks to other employees about not wanting "to be associated with the office whore;"  directing toward Gray, who was divorced, comments concerning his trust for employees who have never been divorced; comments about bad marriages; comments implying that Catholic school girls are easy because he knew Gray graduated from a Catholic school; and other degrading and offending comments to fellow employees.  Gray further alleges that Nicholson attempted to make her job harder by refusing to speak directly to her; communicating only by e-mail when necessary; withholding information regarding projects or changes in the department that had been part of her responsibility, such as procedures and staffing budget; assigning duties to Gray's subordinates without her knowledge;

tarnishing her reputation throughout the Parish by assigning duties on major projects to the administrative assistant; inhibiting productivity in the workplace by issuing personnel directives that hinder teamwork and create dissension; and showing preferential treatment to the administrative assistant.  Gray alleges that, because of her involvement with another man and her rejection of him, Nicholson "depreciated" her evaluation in 2004 and gave her a 5% raise, which was 3% less than her raise in 2002.

Gray alleges that she has suffered severe anxiety and nightmares because of her situation at work  She has steadily gained weight and experienced health problems, including loss of hair, skin problems, heartburn, high cholesterol, lower back pain, neck and shoulder pain, severe headaches, ankle pain, anxiety attacks, breathing problems, inability to sleep, and female problems attributable to stress and depression.    Gray alleges that she has suffered unnecessary financial hardship because of the costs of therapy, prescription drugs, and legal services.

After liberally construing the complaint in favor of Gray and taking all facts as true, the court finds that Gray has alleged a § 1983 claim of sexual harassment in violation of the Equal Protection Clause.  It does not appear beyond doubt that Gray cannot prove facts in support of her claim that would entitle her to relief.

**C.  Intentional infliction of emotional distress**

Nicholson contends that Gray has not alleged a claim for intentional infliction of emotional distress.  Nicholson's Rule 12(b)(6) motion to dismiss the claim is denied.  The allegations of severe mental and emotional distress in the supplemental and amending complaint are sufficient to state a claim for intentional infliction of emotional distress.

5

**D.  Rule 7(a) reply**

Nicholson moves for an order that Gray submit a reply, pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, setting forth specific facts to support her § 1983 individual capacity claim for sex discrimination in failure to promote.  "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may . . . require the plaintiff to reply to that defense in detail."  <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995 (en banc).  "The Federal Rules of Civil Procedure permit the use of Rule 7 in this manner."  <u>Id</u>.

Nicholson's motion for a Rule 7(a) is granted.  Gray is ordered to file a short and plain statement of her complaint with factual specificity on the individual capacity claim of failure to promote.

## III. SUMMARY AND CONCLUSION

In a previous order, the court denied a Rule 12(b)(6) motion to dismiss claims against Jefferson Parish for sex discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and intentional infliction of emotional distress under state law, permitting the claims to go forward.

This  Rule 12(b)(6) motion to dismiss the § 1983 claim for sexual harassment against Nicholson in his individual capacity and the state law claim for intentional infliction of emotional distress is denied.  Those claims, as well as Gray's § 1983 claim for retaliation against Nicholson in his individual capacity, will proceed.

Gray shall file a Rule 7(a) reply, asserting her individual capacity claim against

Nicholson for failure to promote with specificity and in conformity with his answer asserting

qualified immunity, within 10 days of the entry of this order.

New Orleans, Louisiana, this __5th__ day of July, 2006.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

7